\*\* E-filed June 16, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC ANGEL MORALES DONJUAN, | No. C09-03205 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE** |
| v. | |
| SOFIE CORPORATION, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | **[Re: Docket No. 33]** |

## BACKGROUND

Plaintiff Eric Angel Morales Donjuan ("Donjuan") filed this wage-and-hour action against his former employers Sofie Corporation ("Sofie Corp.") and individual Heng Feng Lin ("Lin") (and their successors United Buffet Corporation ("United Buffet") and individual Steve X Ni ("Ni")) (collectively, "Defendants"). He alleges that Defendants owned and operated Crazy Buffet, the buffet-style restaurant at which he worked. Docket No. 8 ("FAC") ¶ 8-10. He brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the California Labor Code, and the California Business and Professions Code for failure to pay wages due, failure to pay overtime wages, and failure to provide proper pay statements.

None of Defendants responded to the First Amended Complaint, so, upon Donjuan's request, the Clerk of the Court entered their default. Docket Nos. 5, 11, 21, 22, 25, 26, 28, 29. Donjuan thereafter filed the instant motion for default judgment. Docket No. 33 ("Motion").

**LEGAL STANDARD**

After entry of default by the Clerk, courts are authorized to grant default judgment in their discretion. See FED. R. CIV. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b)(2).

In addition, certain procedural requirements that must be met before a default judgment may be entered. A default judgment, for instance, "may not be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." FED. R. CIV. P. 55(b)(2). Nor may default judgment be entered against a defendant unless the plaintiff files an affidavit that the defendant is not in military service or obtains a court order making such a finding. 50 U.S.C. App. § 521(b)(2).

**DISCUSSION**

A. <u>Entering Default Judgment Is Appropriate</u>

    1. <u>The Procedural Requirements for Entering Default Judgment Are Met</u>

As an initial matter, Donjuan has satisfied the procedural requirements for entry of default. Lin and Ni are not minors, incompetent persons, or in military service, and Sofie Corp. and United Buffet are business entities, not individuals. Docket No. 35 ("Dal Bon Supp. Decl.") ¶¶ 4-5.

    2. <u>The Eitel Factors Favor Entry of a Default Judgment</u>

2

First, Donjuan has no other recourse. Taking his non-damages allegations as true, Donjuan was an employee of Defendants and was not paid for overtime worked or given proper pay statements. He filed this action against Defendants seeking damages and penalties, but Defendants defaulted. Thus, he would be prejudiced if he cannot receive a judicial resolution of his claims.

Second, Donjuan's claims appear to have merit, and, third, his complaint is sufficiently pled:

- As for his claim under the FLSA (overtime): Under 29 U.S.C. § 207, an employer must pay proper overtime compensation when an employee works in excess of 40 hours in a given week. 29 U.S.C. 207(a)(1). The overtime compensation is based on a rate of one and one-half times the employee's regular rate of pay. Id. Donjuan alleges that Defendants routinely required him to work more than 40 hours per week and that Defendants willfully failed to pay him overtime compensation for these overtime-eligible hours.[1] FAC, ¶19-22.

- As for his claim under California Labor Code § 510 (overtime): "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." CAL. LAB. CODE § 510(a). As noted above, Donjuan alleges that Defendants failed to pay him overtime compensation for his overtime-eligible hours. FAC, ¶27-28.

- As for his claim under California Labor Code § 226 (accurate pay statements): An employer is required semimonthly or at the time of each payment of wages to supply the employee with an "accurate itemized statement in writing showing" certain information related to the employee's wages and hours. CAL. LAB. CODE § 226(a). Donjuan alleges that Defendants failed to provide him with accurate, itemized pay statements and states in his declaration that he "never received a pay stub with my deductions itemized." FAC ¶ 32; Docket No. 33-1 ("Donjuan Decl.") ¶ 27.

- As for his claim under California Labor Code § 203 ("waiting time" penalties): If an employer "willfully" fails to pay wages when due to an employee who is discharged or quits, the employee's wages continue at the same rate until paid or until suit is filed, but not for more than 30 days. CAL. LAB. CODE § 203(a). Donjuan alleges that Defendants never paid him his overtime compensation for his overtime-eligible hours when he was terminated. FAC ¶ 36.

- As for his claim under California Business and Professions Code § 17200 (unfair competition): California's Unfair Competition Law ("UCL"), forbids acts of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200. "The UCL is broad in scope, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." People ex rel. Gallegos v. Pacific Lumber Co., 158 Cal.App.4th 950, 959 (2008) (internal citations omitted). "Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." Plascencia v. Lending 1st Mortg., 583 F.Supp.2d 1090, 1098 (9th Cir. 2008) (citations omitted). Donjuan alleges that Defendants violated this statute by committing acts in violation of the California Labor Code which gave them "a competitive advantage over other employers and business with whom Defendants [were] in competition and who were in compliance with the law." FAC ¶ 42.

---

[1] The burden of showing an exemption to the FLSA's overtime requirements is on the employer. Gieg v. DDR, Inc., 407 F.3d 1038, 1045 (9th Cir. 2005). There is no evidence in the record that would support a finding that Donjuan was exempt was these requirements.

3

1  Fourth, Donjuan seeks his overtime wages, liquidated damages, statutory penalties, and
2  attorney's fees.  None of these are unreasonable, since they are either limited by statute and/or based
3  on the number of overtime hours worked for which Donjuan was not compensated.
4  Fifth, as none of the defendants have appeared in this action, the Court is not aware of any
5  disputes concerning material facts.
6  Sixth, there is also no indication that Defendants' default was caused by excusable neglect;
7  Donjuan served Defendants with the summons and complaint, and they did not respond.
8  And seventh, while public policy favors decisions on the merits, Donjuan also has a right to
9  a judicial determination of his claim.
10  Because all of these factors weigh in Donjuan's favor, the Court recommends that default
11  judgment be granted in favor of him.

B. Determining Damages

Unlike liability-related allegations, allegations related to damages are not taken as true upon entry of default against a defendant. Donjuan must therefore "prove up" the amounts they seek.

He has adequately done so. In his two declarations[2], he states the following:

- He was hired by Lin at Crazy Buffet on September 29, 2006, and was fired on June 25, 2009 (by a new manager who took over in early 2009). Donjuan Decl. ¶¶ 4, 13, 14.

- He was paid $850.00 bimonthly in cash to work as a busboy and dishwasher. Id. ¶¶ 6, 7, 9, 10. His work schedule was 10:00 a.m. to 10:00 p.m., Wednesday through Monday; his day off was Tuesday. Id. ¶¶ 17-24. He did not receive an uninterrupted 30-minute lunch break.

---

[2] An employee bringing an overtime claim under the FLSA has the burden of proving that he performed work for which he was not properly compensated. Anderson v. Mt. Clemens Pottery, 328 U.S. 680, 687-88 (1946). "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work *as a matter of a just and reasonable inference*." Brock v. Seto, 790 F.2d 1446, 1448 (9th Cir. 1986) (emphasis in original). Courts have allowed a plaintiff employee to meet his or her burden through testimony alone, when the defendant employer kept no records. See, e.g., Mumbower v. Callicott, 526 F.2d 1183, 1186 (8th Cir. 1975) ("The District Court relied primarily upon plaintiff's own recollections to determine the number of hours she worked on the switchboard from August, 1970, until August, 1973. To do so was proper, as defendants maintained none of the employment records required by the FLSA, and will not be permitted to benefit from their failure to do so.") (internal and external citations omitted). The burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to negate "the reasonableness of the inference to be drawn from the employee's evidence." Brock, 790 F.2d at 1448. If the employer fails to make such a showing, the court "may then award damages to the employee, *even though the result be only approximate*." Id. (emphasis in original). "[A]n award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA." Id.; see also Hernandez v. Mendoza, 199 Cal.App.3d 721 (1988) (quoting and applying standard set forth in Brock in connection with California Labor Code claim).

4

Docket No. 36 ("Donjuan Supp. Decl.") ¶ 2. He has never been paid for any overtime worked. Donjuan Decl. ¶ 28.

- He was never paid on an hourly basis or for overtime hours and never received a pay stub with itemized deductions; also, no one kept track of his hours, and Crazy Buffet did not have a time card or punch clock or other written records of his hours. Id. ¶¶ 15, 16, 29.

   1. Overtime and Liquidated Damages under the FLSA and California Labor Code § 510

The FLSA and California Labor Code § 510 require overtime pay of at least 1.5 times the regular rate of pay based on the number of hours worked in a week.  Here, Donjuan says in his declaration that he worked 12 hours a day with no uninterrupted lunch break (10:00 a.m. to 10:00 p.m.), six days week, from September 29, 2006 to June 25, 2009. In other words, Donjuan worked 72 hours per week for 141 weeks.[3]

Under California Labor Code § 515(d), "for the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary." Donjuan was paid $850.00 bimonthly for working 72 hours per week. Thus, Donjuan's regular rate of pay under the California Labor Code was $9.81 per hour.[4] This means that his rate of overtime pay, for the 32 hours per week he worked over the normal 40 hours, was $14.72 per hour.[5]

Thus, according to California Labor Code §§ 510 and 515, Defendants paid Donjuan at his regular rate of $9.81 per hour for 40 hours per week, or $392.40 per week. So, Defendants paid Donjuan $784.80 bimonthly at his regular rate for 80 hours every two weeks.

Since Donjuan was paid $850 bimonthly, this means that he was only paid $65.20 for the 64 overtime hours he worked during that time period. But Defendants should have paid him at his overtime rate of $14.72 for those hours, resulting in $942.08 of overtime pay every two weeks (or

---

[3] Although there are 142 weeks and 6 days between September 29, 2006 to June 25, 2009, Donjuan's motion states that he worked for Defendants for 141 weeks. Motion at 16.

[4] $850.00 x 24 payments = $20,400.00 per year; $20,400.00 per year / 52 weeks = $392.31 per week; $392.31 per week / 40 hours = $9.81 per hour.

[5] California Labor Code § 515 provides in part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Thus: $9.81 per hour x 1.5 = $14.72 per hour.

5

1   $471.04 per week). Crediting Defendants for the $65.20 in overtime pay Donjuan actually received,

2   they still should have paid him an additional $876.88 twice a month (or 438.44 per week).

3         According to Donjuan's motion, he worked for Defendants for 141 weeks (see Motion at

4   16), so Defendants owe him $61,820.04 in unpaid overtime.[6]

5         Donjuan is also owed liquidated damages under the FLSA in an amount equal to the unpaid

6   overtime.[7] 29 U.S.C. 216(b). Under federal law, a salaried employee's regular rate of pay is

7   calculated by dividing average earnings for a work day by the number of hours actually worked. 29

8   C.F.R. § 778.113.[8] Using this formula, Donjuan's regular hourly rate for purposes of the FLSA was

9   $5.45 per hour.[9]

---

[6] $438.44 per week x 141 weeks = $61,820.04.

[7] "[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof . . . ." 29 U.S.C. § 260. "Under 29 U.S.C. § 260, the employer has the burden of establishing subjective and objective good faith in its violation of the FLSA." Local 246 Utility Workers Union of America v. Southern California Edison Co., 83 F.3d 292, 297-298 (9th Cir. 1996). "If the employer fails to carry that burden, liquidated damages are mandatory." Id. Here, Defendants have obviously not carried their burden, so liquidated damages are mandatory.

[8] 29 C.F.R § 778.113 provides:

    (a) Weekly salary. If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $350 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $350 divided by 35 hours, or $10 an hour, and when the employee works overtime the employee is entitled to receive $10 for each of the first 40 hours and $15 (one and one-half times $10) for each hour thereafter. If an employee is hired at a salary of $375 for a 40–hour week the regular rate is $9.38 an hour.

    (b) Salary for periods other than workweek. Where the salary covers a period longer than a workweek, such as a month, it must be reduced to its workweek equivalent. A monthly salary is subject to translation to its equivalent weekly wage by multiplying by 12 (the number of months) and dividing by 52 (the number of weeks). A semimonthly salary is translated into its equivalent weekly wage by multiplying by 24 and dividing by 52. Once the weekly wage is arrived at, the regular hourly rate of pay will be calculated as indicated above. The regular rate of an employee who is paid a regular monthly salary of $1,560, or a regular semimonthly salary of $780 for 40 hours a week, is thus found to be $9 per hour. Under regulations of the Administrator, pursuant to the authority given to him in section 7(g)(3) of the Act, the parties may provide that the regular rates shall be determined by dividing the monthly salary by the number of working days in the month and then by the number of hours of the

6

But as 29 C.F.R. § 778.113 states, "the resultant rate in such a case must not be less than the statutory minimum wage." In 2006 and 2007, the federal minimum wage was $5.15 per hour. See United States Dep't of Labor, Wage and Hour Division, Changes in Basic Minimum Wages in Non-Farm Employment under State Law: Selected Years 1968 to 2011, http://www.dol.gov/whd/state/stateMinWageHis.htm (last accessed June 15, 2011). In 2008, the federal minimum wage was raised to $5.85 per hour, and in 2009 it was raised to $6.55 per hour. See id. Thus, Donjuan's regular hourly rate should have been $5.85 in 2008 and $6.55 in 2009.

Using these numbers, Donjuan should have received the additional half-time for his overtime hours. In 2006 and 2007, he should have received an additional $87.36 per week[10]; in 2008, he should have received an additional $93.76 per week[11]; and in 2009, he should have received an additional $104.96 per week[12]. According to his motion, Donjuan worked for Defendants for 65 weeks in 2006 and 2007, 51 weeks in 2008, and 25 weeks in 2009. Motion at 16. Thus, for 2006 and 2007, Donjuan's unpaid overtime under the FLSA totals $5,678.40[13]; for 2008, it totals $4,781.76[14]; and for 2009, it totals $2,624.00[15]. Combining these sums, Donjuan's unpaid overtime under the FLSA is $13,084.16. Defendants owe him this amount in liquidated damages.

  2.  Accurate Pay Statement Penalty under California Labor Code § 226

Under California Labor Code § 226(e), "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

---

normal or regular workday. Of course, the resultant rate in such a case must not be less than the statutory minimum wage.

[9] $850.00 bimonthly x 24 weeks = $20,400 per year; $20,400 per year / 52 weeks = $392.31 per week; $392.31 per week / 72 hours = $5.45 per hour.

[10] $5.45 per hour / 2 = $2.73; $2.73 x 32 overtime hours per week = $87.36 per week.

[11] $5.85 per hour / 2 = $2.93; $2.93 x 32 overtime hours per week = $93.76 per week.

[12] $6.55 per hour / 2 = $3.28; $3.28 x 32 overtime hours per week = $104.96 per week.

[13] $87.36 per week x 65 weeks = $5,678.40.

[14] $93.76 per week x 51 weeks = $4,781.76.

[15] $104.96 per week x 25 weeks = $2,624.00.

occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." CAL. LAB. CODE § 226(e).

Donjuan says that he worked for Defendants from September 29, 2006 to June 25, 2009 and was paid bimonthly. Thus, he worked for Defendants for 33 months and had 66 pay periods. Since Donjuan never received a pay stub for any of these pay periods, under § 226(e), he is entitled to damages of $6,550 ($50 for the initial pay period and $6,500 for the remaining 65 pay periods). However, since § 266(e) limits the recovery under this section to $4,000, Donjuan may only recover that amount from Defendants.

### 3. "Waiting Time" Penalties under California Labor Code § 203

As noted above, if an employer "willfully" fails to pay wages when due to an employee who is discharged or quits, the employee's wages continue at the same rate until paid or until suit is filed, but not for more than 30 days. CAL. LAB. CODE § 203(a). Donjuan's employment ended in June 2009, and his regular hourly rate was $9.81 per hour for an 8-hour, non-overtime day. Since Defendants never paid Donjuan his overtime wages due, they owe him $2,354.40.[16]

### 4. Attorney's Fees and Costs

Under California Labor Code, a plaintiff may receive reasonable attorney's fees and costs. CAL. LAB. CODE §§ 226(g), 1194. Donjuan's counsel submitted a declaration attaching as Exhibit A his legal bills, which totaled $6,643.75. Docket No. 33-2, Ex. A. The Court finds these fees reasonable, and it recommends that they be awarded in this amount.

## CONCLUSION

Because all parties have yet to consent to the undersigned's jurisdiction, this Court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly-assigned district court judge enter default judgment against Defendants in the amount of $61,820.04 in unpaid overtime under the California Labor Code, $13,084.16 in liquidated damages under the FLSA, $4,000 in inaccurate pay stub penalties under

---

[16] $9.81 per hour x 8 hours per day = $78.48 per day; $78.48 per day x 30 days = $2,354.40.

8

California Labor Code § 226, $2,354.40 in waiting time penalties under California Labor Code § 203, and $6,643.75 in attorney's fees and costs.

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: June 16, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**C09-03205 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| James Dal Bon | jdblaw@earthlink.net, jl.jdblaw@earthlink.net, margainlaw@hotmail.com |
| Tomas Eduardo Margain | margainlaw@hotmail.com, jl.jdblaw@earthlink.net, vsoto.dbm@gmail.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**